IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KYLE J. JOHNSON,                                    )
                                                   )
                        Plaintiff,                 )
                                                   )
            v.                                     )    C.A. No. 25-1115-JLH-EGT
                                                   )
JOHN DOE,                                          )
                                                   )
                        Defendants.                )

**REPORT AND RECOMMENDATION**

Plaintiff Kyle J. Johnson, a pretrial detainee at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The original Complaint was screened by Judge Hall, who dismissed it for failure to state a claim, but with leave to amend. (D.I. 8). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Amended Complaint be DISMISSED WITH PREJUDICE.

I.      **BACKGROUND**

Judge Hall previously set forth the facts of this case in a prior screening order. (D.I. 8 at 1-2). Those facts remain largely unchanged in the Amended Complaint. On June 29, 2025, Plaintiff was playing basketball when another inmate fell on top of him and apparently broke his pelvis. (D.I. 9 at 5). Plaintiff was left unattended on the ground for twenty minutes, "pulled" into a court van (rather than on a stretcher) and taken to Wilmington Hospital in shackles. (*Id.*). When Plaintiff was released from the hospital, Defendant "pulled" Plaintiff back into the van, allegedly exacerbating the injury. (*Id.* at 6). In his Amended Complaint, Plaintiff adds that he told Defendant he was shackled and asked Defendant not to pull, requests that Defendant "intentionally

ignore[d]."   Plaintiff continues to name a single John Doe correctional officer as the only

Defendant.  (*Id.* at 3).  Plaintiff seeks "a civil suit for [his] injury, pain, suffering [and] misery."

(*Id.* at 8).

## II.    <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in

a complaint as true and view them in the light most favorable to a *pro se* plaintiff.  *See Phillips v.

County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v.

Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies

on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional'

factual scenario.'"  *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or

claims for failure to state a claim upon which relief may be granted pursuant to the screening

provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless

amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief.  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

III.    **DISCUSSION**

A.    **Exhaustion**

Judge Hall previously dismissed Plaintiff's claims for failure to exhaust, finding that Plaintiff's original Complaint affirmatively showed that he had not exhausted his administrative remedies.  (D.I. 8 at 2).  Plaintiff now alleges that further communications in the grievance process "provided no relief" and that the "process has been exhausted."  (D.I. 9 at 8; *see also* D.I. 2 at 8 (original Complaint indicating that prison officials had received grievance but would get back to

3

Plaintiff at later date)).  In the Court's view, Plaintiff's pleading no longer evidences a failure to exhaust.  Dismissal of Plaintiff's Amended Complaint for failure to exhaust is not warranted.

## B.      Deliberate Indifference

In his Amended Complaint, Plaintiff continues to assert a deliberate indifference claim against one John Doe correctional officer in connection with certain events surrounding his pelvis injury.  (D.I. 9 at 3 & 5).  Deliberate indifference claims brought by pretrial detainees under the Fourteenth Amendment are governed by the same standard as deliberate indifference claims brought by sentenced inmates under the Eighth Amendment.  *See Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016).  The deliberate indifference standard is high, requiring more than "allegations of malpractice" or a "disagreement as to the proper medical treatment."  *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).  To demonstrate that a prison official was deliberately indifferent, a plaintiff must plausibly allege that prison officials knew of and "reckless[ly] disregarded a substantial risk of serious harm."  *Stuart v. Pierce*, 587 F. Supp. 3d 127, 137 (D. Del. 2022) (Restrepo, J. sitting by designation) (alteration in original).  "[M]ere negligence" is not enough.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Here, Plaintiff still fails to allege any conduct on the part of the John Doe Defendant (or any other individual) that rises to the level of deliberate indifference.  After suffering his injury, Plaintiff was taken to the hospital and received medical treatment.  Plaintiff disagrees with the length of time he was left on the ground (twenty minutes) and how he was transported there (in a court van), but nothing about this conduct rises to the level of deliberate indifference.[1]  Nor is there

---

[1]      And Plaintiff never actually alleges that it was the John Doe Correctional Officer Defendant who had the initial contact or did the initial transport.  (*See* D.I. 9 at 5 ("Instead of them putting me on a stretcher they pulled me inside of a court van . . . .")).  This contrasts with Defendant being singled out for the post-hospital transport.  (*Id.* at 6 ("The CO pulled me into the van and made my injury even more severe.").  Even if the same individual was involved in the initial transport, that conduct is also at most negligent.

4

anything about the post-hospital conduct that plausibly suggests the John Doe Defendant recklessly disregarded a substantial risk of serious harm.  Plaintiff requested that Defendant not pull on him when he was being placed back into the van for transport back from the hospital – and Plaintiff alleges that Defendant "intentionally ignore[d]" those requests.  (D.I. 9 at 6).  But there is no allegation (or inference to be drawn) that ignoring those requests placed Plaintiff at a substantial risk of serious harm.  Nor can the Court plausibly infer from this that the John Doe Defendant intended to punish Plaintiff with this handling.  At best, Plaintiff has alleged that the John Doe Defendant was not as gentle in transporting an injured Plaintiff back from the hospital as he or she should have been.  But that conduct is at most negligent, and negligence does not rise to the level of constitutionally relevant deliberate indifference.

For the foregoing reasons, the Court recommends that Amended Complaint be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[2]  Plaintiff was previously given "one opportunity to amend" with instructions on how to cure his deficiencies in pleading (D.I. 8 at 3), but Plaintiff's Amended Complaint still fails to state a claim.  Further amendment would be futile, and dismissal should be with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Amended Complaint (D.I. 9) be DISMISSED WITH PREJUDICE.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation.  *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d).  Objections are limited to five (5) pages.  The failure of a party to object

---

[2]   Additionally, despite Judge Hall's instruction to Plaintiff to provide any known identifying information regarding the Defendant and to state the relief Plaintiff seeks (D.I. 8 at 3), Plaintiff did neither.  Without an understanding of the nature of relief sought, the Court cannot ascertain whether immunity from suit applies.

may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  May 5, 2026

_____
UNITED STATES MAGISTRATE JUDGE